UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LAUTZENHISER TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:07-cv-84-TWP-WGH |
| | ) | |
| SUNRISE MEDICAL HHG, INC., d/b/a | ) | |
| QUICKIE DESIGNS INC., SUNRISE MEDICAL, | ) | |
| INC., PG DRIVES TECHNOLOGY, INC., and | ) | |
| DELPHI MEDICAL SYSTEMS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the Order Referring Matter to Magistrate Judge entered by the Honorable Tanya Walton Pratt, District Judge, on July 15, 2010. (Docket No. 230). In that order, Judge Pratt refers the Motion of James Knapp and Iva Jean Knapp for Leave to Intervene as Defendants filed March 2, 2010 (Docket Nos. 209-11) to the Magistrate Judge for a report and recommendation as to the appropriate disposition of the motion. Defendants filed their Response to the motion on March 17, 2010, in which they did not object to intervention. (Docket No. 217). Plaintiff filed a Memorandum in Opposition to the motion on March 19, 2010. (Docket No. 219). No reply brief has been filed.

The Magistrate Judge conducted a telephonic hearing on the record at 9:30 a.m., on August 4, 2010, at which the parties were represented by counsel.

## Findings of Fact

The Magistrate Judge makes the following findings:

1. James Knapp and Iva Jean Knapp (the "Knapps") have obtained a judgment in the Steuben Superior Court against the Lautzenhisers. (See Motion to Intervene, Exhibit A). After the judgment was rendered, they entered into an agreement with John Lautzenhiser, Gary Lautzenhiser, Lloyd Lautzenhiser, and Elizabeth Lautzenhiser, which addressed the mechanism in which they would collect on the judgment. The settlement agreement addresses the collection of the judgment from revenues obtained from certain patents, including patents at issue in this lawsuit.

2. The Knapps now wish to intervene. At the hearing, they advised that they did not intend to participate in the trial and do not intend to brief issues before the court in any manner different than the Lautzenhisers. It is their request to intervene to protect the ability to collect on their judgment.

## Legal Analysis

The Knapps' motion to intervene is brought pursuant to FED. R. CIV. P. 24(a), which provides, in pertinent part:

> On timely motion, the court must permit anyone to intervene who:
> \* \* \* \* \*
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that

disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately report that interest.

In *Security Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir. 1995), the court has articulated the following test which must apply for intervention as of right. That test states:

An applicant for intervention under the rule must demonstrate that each of four requirements is met: (1) the application is timely; (2) the applicant has an "interest" in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest.

In this case, the Magistrate Judge concludes that the Knapps do not have the requisite "interest" relating to the property or transaction that is the subject of the pending litigation. As stated in *Security Ins.,* the claimed interest must be a "direct, significant, legally protectable" one. *See Security Ins.,* 69 F.3d at 1380 (*quoting American Nat'l Bank v. City of Chicago,* 865 F.2d. 144, 146 (7th Cir. 1980). The interest must be something more than a mere "betting" interest, but less than a property right. *Security Ins.,* 569 F.3d at 1380. In *Reich v. ABC/York-Estes Corp.,* 64 F.3d 316 (7th Cir. 1995), the Seventh Circuit suggested that a potential intervenor's interest requires "focus[ing] on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Reich,* 64 F.3d at 322 (emphasis added).

The primary issue to be resolved in the case before this court is whether the defendants infringed the plaintiff's patents. The Knapps have no interest in

this case in determining whether the defendants have infringed. They claim only an interest in the proceeds that would be available if a judgment is obtained. The Knapps do not claim to manufacture, sell, offer to sell, or otherwise practice any of the five patents in this lawsuit, and they do not allege that they have any business relationship with any of the defendants. Because this element of the four-point test is missing, the Magistrate Judge concludes that intervention of right is not required in this case.

Even if the court should determine that the Knapps do have an interest in the pending litigation, their intervention is not warranted because those interests are adequately protected by Lautzenhiser. Both the Lautzenhisers and the Knapps seek to obtain and maximize a judgment by the Lautzenhisers against the defendants. In this case, the Knapps' interest to recover funds is completely parallel with those of the Lautzenhisers. Both seek the same resolution of every issue before this court.

Federal Rule of Civil Procedure 24(b)(1) does provide for permissive intervention by stating as follows:

> On timely motion, the court may permit anyone to intervene who:
> \* \* \* \* \*
> (B) has a claim or defense that shares with the main action a common question of law or fact.

To permissively intervene, a potential intervenor must:

(1)   file a timely motion to intervene;

(2)   demonstrate a common question of law or fact; and

      (3)    satisfy jurisdictional requirements.

*See Security Ins.,* 569 F.3d at 1381.

In this case, the dispute between the Knapps and the Lautzenhisers does not contain any common question of law or fact that must be litigated between the Lautzenhisers and the defendants in this case. In this case, the Knapps' interest is to collect from any judgment that may be rendered. The Knapps do not share any need to establish a common question of law or fact in their dealings with other defendants. There are no additional claims which must be considered by this court that are common to both the Knapps, the Lautzenhisers, and the defendants in this case. The Magistrate Judge concludes that permissive intervention is not necessary in this case.

While the Knapps should not be allowed to intervene as parties in this case, this court's practice does allow for interested persons to be listed on the docket and to receive copies of court orders relating to the processing and completion of the claim. Therefore, by a previous minute entry, the Clerk of Court was directed to add the Knapps to the docket as interested parties. They will then receive all court orders issued relating to this matter. In this way, the Knapps' interest in being apprised of the progress of this case can be addressed without the need for them to intervene as parties.

## Recommendation

The Magistrate Judge hereby **RECOMMENDS** that the Motion of James Knapp and Iva Jean Knapp for Leave to Intervene as Defendants be denied.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  Any party shall have ten (10) days from the date of service to file written objections to such Report and Recommendation.

**IT IS SO RECOMMENDED.**

**Dated:**  August 9, 2010

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Lee Scott Archer
VALENTI HANLEY & ROBINSON, PLLC
larcher@vhrlaw.com

Alex P. Brackett
MIDDLETON & REUTLINGER
abrackett@middreut.com

Kevin Todd Duncan
VALENTI, HANLEY & ROBINSON, PLLC
kduncan@vhrlaw.com

Glenn Eric Forbis
RADER, FISHMAN & GRAUER PLLC
gef@raderfishman.com

Ted C. Gillespie
MACMILLAN, SOBANSKI & TODD LLC
gillespie@mstfirm.com

Augustus S. Herbert
MIDDLETON REUTLINGER
aherbert@middreut.com

-7-

James R. Higgins
MIDDLETON & REUTLINGER
jhiggins@middreut.com

Linda D. Kennedy
RADER FISHMAN & GRAUER PLLC
ldk@raderfishman.com

William E. Lahey
MACMILLAN, SOBANSKI & TODD LLC
lahey@mstfirm.com

James E. Milliman
MIDDLETON REUTLINGER
jmilliman@middreut.com

Michael W. Oyler
REED WEITKAMP SCHELL & VICE PLLC
moyler@rwsvlaw.com

John S. Reed
REED WEITKAMP SCHELL & VICE PLLC
jreed@rwsvlaw.com

Theodore T. Storer
ROTHBERG, LOGAN & WARSCO LLP
tstorer@rlwlawfirm.com

Robert B. Thornburg
FROST BROWN TODD LLC
rthornburg@fbtlaw.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com

Michael A. Valenti
VALENTI HANLEY & ROBINSON PLLC
mvalenti@vhrlaw.com